

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| THE ISLE OF CAPRI CASINOS, INC. | : | DOCKET NO. 08-529 |
| VS. | : | JUDGE TRIMBLE |
| COL MANAGEMENT D/B/A OPEN AIR MRI OF LAKE CHARLES, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court are the following motions: (1) motions to dismiss for lack of jurisdiction by COL Management, Lake Charles Medical & Surgical Clinic, Dr. Frank Lopez, A Professional Medical Corp., Center for Orthopedics, Dr. Fayez Shamieh, Action Potential Physical Therapy Inc., Rehabilitation & Rheumatology Associates, LLC, Neurosurgery Center of Lake Charles, Dr. Lynn Foret, Lake Charles Memorial Hospital, Pain Management, Dr. Thomas Rossowski, A Professional Medical Corp., Dr. Clark Gunderson, A Professional Medical Corp., Masse Chiropractic Clinic, COL Management and Bernauer Imaging, Neil Clinic, Advanced Medical & Diagnostic Center, LLC, (docs. #22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, and 38), (2) "Motion to Dismiss under the Anti-Injunction Act" (doc. #40), and (3) "Supplemental Motion to Dismiss for Lack of Jurisdiction" (doc. #78).

## FACTUAL STATEMENT

Defendants in this declaratory action are healthcare providers who have filed proceedings in the Office of Workers' Compensation ("OWC"). In the OWC proceedings, the healthcare providers allege that the Isle of Capri, through its agent, Cambridge Integrated Services Group, Inc. ("Cambridge") improperly accessed discounts to workers' compensation bills provided by them in

contracts with various Preferred Provider Organizations ("PPO"). Defendants allege that the Isle of Capri violated the Any Willing Provider Act ("AWPA")[1] by failing to provide adequate notice to the healthcare providers in advance of taking the discounts. The Isle of Capri seeks a declaration from this Court that neither it nor its agent, Cambridge, violated the AWPA because (1) the AWPA was not meant to apply to workers' compensation medical bills; (2) the Louisiana worker's compensation law does not make discounts to medical bills below the workers' compensation fee schedule *per se* improper; and (3) neither the Isle of Capri nor its agent, Cambridge, are a "group purchaser" as defined by the AWPA.

After the healthcare providers filed the motions to dismiss for lack of jurisdiction and the motion to dismiss under the Anti-Injunction Act, the Isle of Capri filed a motion for leave to file its first supplemental and amending complaint. The undersigned stayed the aforementioned motions pending the outcome of the motion for leave.[2] On August 28, 2008, the Court granted the motion for leave to file the amended complaint.[3] On September 30, 2008, the healthcare providers filed a supplemental motion to dismiss for lack of jurisdiction.[4]

## LAW AND ANALYSIS

*Motion to dismiss under the Anti-Injunction Act*

Defendants maintain that the instant suit should be dismissed because the Anti-Injunction Act[5]

---

[1] La.R.S. 40:2201, *et seq.*

[2] See order dated June 17, 2008 (doc. #65).

[3] Doc. #71.

[4] Doc. #78.

[5] 28 U.S.C. § 2283.

2

bans this declaratory judgment action. The Anti-Injunction Act provides that a federal court, except in limited situations, "may not grant an injunction to stay proceedings in a State court."[6]

Cambridge Integrated Services, Inc. ("Cambridge") is a third party administrator which adjusts and handles all of the Isle of Capri's workers' compensation bills. Cambridge has been sued by the healthcare providers in this lawsuit (defendants) in an action entitled *Gunderson, et al v. F.A. Richard, et al.*[7] The *Gunderson* suit was initially filed in Louisiana state court, removed to this Court and remanded back to state court. After remand, the state district judge entered judgment against Cambridge. Shortly thereafter, the plaintiff class was certified as a class and the certification was affirmed by the Third Circuit Court of Appeal.

Defendants are concerned that if this Court rules in favor of Plaintiff, they will seek an injunction in state court to enforce its ruling. Defendants argue that because the Isle of Capri is in "privity" with Cambridge, a defendant in *Gunderson*, this Court would be barred by the pending state court action under the Anti-Injunction Act.

The Isle of Capri argues that because it is not in privity with Cambridge, there is no bar to the instant action. Only a party who is in privity with a party is barred by the Anti-Injunction Act.[8] Privity has been described as nothing more than a "legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion."[9] Privity exists where, for example, a party's claim is derivative of the original party's

---

[6] *Id.*

[7] Docket no. 04-2417 at the 14th Judicial District Court.

[8] *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1020 (7th Cir. 1990).

[9] *Southwest Airlines, Inc. v. Texas Intl' Airlines, Inc.* 546 F.2d 84, 95 (5th Cir. 1977).

3

claim.[10] Privity is a flexible concept, dependent on the particular relationship between parties in each individual set of cases.[11]

Federal courts have deemed several relationships "sufficiently close" to justify a finding of "privity:" (1) a non-party who has succeeded to a party's interest in property is bound by any prior judgment against the party, (2) a non-party who controlled the original suit will be bound by the resulting judgment, (3) a non-party whose interests were represented adequately by a party in the original suit, (4) where the non-party "had a significant interest and participated in the prior action," and where the interests of the non-party and party are "so closely aligned as to be virtually representative," and finally, (5) where there is an "express or implied legal relationship by which parties to the first suit are accountable to non-parties who file a subsequent suit with identical issues."[12] Hence, we must determine whether or not Plaintiff in this case was a "stranger[s] to the state court proceeding" and bound "as though [it was a party] to the litigation in the state court."[13]

Defendants have failed to present evidence of the relationship between Cambridge and the Isle of Capri other than the fact that Cambridge was the third party administrator of worker's compensation claims for the Isle of Capri. Because of the lack of evidence to establish the relationship between the two parties, the Court is unable to determine the impact of that relationship and how the judgment in the state court proceeding against Cambridge affects and/or binds the Isle of Capri. Thus, the motion to dismiss will be denied.

---

[10] See *Terrell v. Deconna*, 877 F.2d 1267, 1270-73 (5th Cir. 1989); *Meador v. Oryx Energy Co.*, 87 F.Supp.2d 658, 665 (E.D. Tex. 2000).

[11] *Headwaters, Inc. v. U.S. Forest Service*, 382 F.3d 1025 (9th Cir. 2004).

[12] *Id.* at 1030.

[13] *Imperial County, Cal. v. Munoz*, 449 U.S. 54 (1980).

*Motion to dismiss because of lack of subject matter jurisdiction*

In their motions to dismiss, each of the defendants maintain that this action should be dismissed because subject matter jurisdiction is lacking.

Defendants argue that 28 U.S.C. § 1444(c) bars this declaratory judgment action because prior to the Isle of Capri's initiation of the instant matter, these same defendants brought claims against the Isle of Capri in the Louisiana workers' compensation court ("OWC") seeking underpayment and late payment of the medical bills rendered to workers' compensation claimants, as well as penalties and attorney's fees provided by La. R.S. 23:1201(F). As an affirmative defense to those claims, the Isle of Capri asserted that it was entitled to access certain PPO provider contracts between Defendants and First Health. Defendants urge this Court to dismiss the instant suit because this declaratory action effectively is an attempt to remove and removal of worker's compensation claims is specifically prohibited by 29 U.S.C. § 1445(c).

Recently, in *Sentry Insurance, A Mutual Company v. Southwest Louisiana Hospital Association d/b/a Lake Charles Memorial Hospital and R. Dale Bernauer, M.D.*,[14] this Court held that as to Southwest Louisiana Hospital Association d/b/a Lake Charles Memorial Hospital, it would be a violation of 29 U.S.C. § 1445 (c) because the claims by the exact same parties which involved the exact same issues were filed prior to the *Sentry Insurance* declaratory action. We further noted that there were no breach of contract claims or constitutional violations alleged in the *Sentry* case. The Isle of Capri argues that this Court erred in our ruling regarding the *Sentry* case and reminds us of our ruling in *Liberty Mutual Insurance Company v. Dr. Clark Gunderson and Lake Charles Memorial*

---

[14] Docket No. 06-570.

*Hospital*,[15] wherein we held that diversity jurisdiction was proper based on *Horton v. Liberty Mutual Ins. Co.*,[16] and *St. Paul Ins. Co. v. Trejo*.[17] This Court also relied on *RMI v. Southdown Care Ctr.*,[18] which held that "[n]o specific grant of authority has been made . . . to give the workers' compensation court authority to nullify a contract. . . ."[19] We also relied on other cases which held that contract claims relate to a workers' compensation claim as opposed to arising out of the workers' compensation laws.

Since our ruling dated April, 13, 2005, the Louisiana legislature has passed 2005 La. Act No. 257 § 1, which among other things, amended La. R.S. 23:1310.3(E) for the purpose of "provid[ing] for the jurisdiction of the workers' compensation judges." In the 2005 amendment which became effective August 15, 2005, the Louisiana legislature specifically granted to workers' compensation judges original, exclusive jurisdiction over *contractual disputes* such as the one in *Liberty Mutual*. Our main concern in *Liberty Mutual* was the limited authority of the OWC to rule upon the contracts claims asserted. That concern has been alleviated by the passage of the 2005 La. Act 257 § 1. We still hold fast to this Court's diversity jurisdiction for claims that are related to worker's compensation, and we are ever mindful that state legislative acts cannot preempt federal jurisdictional law. Be that as it may,

---

[15] Docket No. 04-2405.

[16] 367 U.S. 348, 350-54 (1961)(holding that federal jurisdiction was not barred by the 1958 amendment to Title 28 (now § 1445 (c)) which forbade the removal of state workers' compensation cases.

[17] 39 F.3d 585, 588 (5th Cir. 1994)(holding that although St. Paul's declaratory judgment action involved a state workers' compensation law, jurisdiction was still proper based on diversity of citizenship).

[18] 747 So.2d 809, 812-13 (La.App. 1st Cir. 1999).

[19] *Id.*

we are also cognizant of the state's grant of authority to adjudicate its own state laws by a state created administrative agency, namely the Office of Workers' Compensation. Accordingly, this Court will decline to adjudicate the instant matter because of the pending suits between the same parties and the same issues that are currently pending in the OWC which now has the authority to decide contractual claims. Furthermore, because of our ruling, we decline to address each of the Defendant's arguments pertaining to the Isle of Capri's failure to meet the jurisdictional amount required for diversity jurisdiction.

*Constitutional claims*

Since the initial filing of the motions to dismiss and after our ruling in the *Sentry* case, the Isle of Capri has filed a First Supplemental and Amending Complaint for Declaratory Judgment[20] which challenges the validity of a Louisiana statute under the United States Constitution.[21] In response, Defendants have filed a supplemental motion to dismiss wherein they maintain that the amended complaint does not raise a federal question, thus, the suit should be dismissed. Defendants argue that because the constitutional issues raised by the Isle of Capri would be a defense to the pending claims in the OWC, the federal court would not have jurisdiction based on "federal question." Defendants rely on *Franchise Tax Bd. Of State of Cal. v. Construction Laborers Vacation,*[22] which held that ". . .if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking." In *Shelly Oil v. Phillips Petroleum,*[23] the

---

[20] See document #72 dated August 28, 2008.

[21] *Id.,* ¶ 5.

[22] 463 U.S. 1, 103 S.Ct. 2841 (1983).

[23] 70 S.Ct. 876, 339 U.S. 667 (1950).

7

Supreme Court noted that:

> [t]o sanction suits for declaratory relief as within the jurisdiction of the District Courts merely because, as in this case, artful pleading anticipates a defense based on Federal law would contravene the whole trend of jurisdictional legislation by Congress, disregard the effective functioning of the federal judicial system and distort the limited procedural purpose of the Declaratory Judgment Act.[24]

Similarly, in *Public Service Commission v. Wycoff Co.*,[25] the Supreme Court stated that

> ... it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court. If the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim.

Accordingly, because the Isle of Capri would constitutionally challenge the state statute as a defense in the OWC, we cannot say that in the instant declaratory action, there is a federal question which would allow us to have subject matter jurisdiction over this suit.

## CONCLUSION

Based on the foregoing, the motions to dismiss for lack of subject matter jurisdiction filed by Defendants will be granted, the motion to dismiss pursuant to the Anti-Injunction Act will be denied, and the supplemental motion to dismiss for lack of subject matter jurisdiction will be granted.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of November, 2008.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[24] *Id.* at 673-674.

[25] 344 U.S. 237, 73 S.Ct. 236 (1953).