

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| THE ISLE OF CAPRI CASINOS, INC. | : | DOCKET NO. 08-529 |
| VS. | : | JUDGE TRIMBLE |
| COL MANAGEMENT D/B/A OPEN AIR MIR OF LAKE CHARLES, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING AND ORDER

Before the Court is "The Isle of Capri Casinos, Inc.'s Rule 59(E) Motion for Reconsideration of November 3, 2008 Judgment" (doc. #84) wherein the Plaintiff moves for reconsideration of this Court's Judgment which dismissed its suit for declaratory judgment. In that ruling, we declined to adjudicate the instant matter, even though we had diversity jurisdiction, because of the amendment to Louisiana Revised Statute 23:1310.3(E) which expanded the limited scope of jurisdiction of the OWC. However, since the date of that ruling, in reversing the Third Circuit Court of Appeal, the Louisiana Supreme Court held that:

> "the Act [Louisiana Workers Compensation Act] does not govern or otherwise regulate contracts between employers, insurers, and owners of PPO networkers. Disputes involving contracts between such parties do not "arise out of" the Act, even where the relevant claims involve the payment of third party medical bills required under the Act. La.R.S. 23:1310.3(E) is quite specific and provides for jurisdiction by the workers' compensation judge only for "claims or disputes arising out of" the Act. Mere involvement of workers' compensation issues is insufficient; disputes may "relate to" workers' compensation matters, but they do not "arise out of" the Act. Further, the fact that it may be more judicially efficient to adjudicate the third party demand in the same forum as the main demand is insufficient to confer subject matter jurisdiction."[1]

---

[1] *Broussard Physical Therapy v. Family Dollar Stores, Inc.*, __ So.2d __, 2008 WL 5146651, 2008-1013, p.5 (La. 12/02/08).

Plaintiff argues that its Complaint and First Supplemental and Amending Complaint plead claims not cognizable in the OWC. Plaintiff asserts that *Broussard* not only does not hold that La.R.S. 23:1310.3(E) gives the OWC jurisdiction, but like the other intermediate appellate decisions of the Louisiana Court of Appeals for the Third Circuit, confirms that the amendment does not apply to Plaintiff's claims. Defendants argue, on the other hand, that the Louisiana OWC has jurisdiction over this controversy – including contractual/PPO defenses.

In *Gunderson v. F.A. Richard & Associates, Inc.*,[2] the state appellate court held that claims alleging defendants' failure to issue benefit cards or to issue adequate prior written notice arise explicitly out of the provisions of the PPOA [Preferred Provider Organization Act]. The court expressly stated that:

> the claim asserted is provided for clearly in some legislation other than the WCA [Workers Compensation Act]-in this case, La.R.S. 40:2203.1- there can be no question whether that claim "arises out of" the WCA; it does not, for it arises out of a separate act of the legislature, entirely. Thus, original and exclusive jurisdiction over such a claim must rest with the district court, regardless of the claim's "relat[ion] to workers's compensation in general." (Citations omitted)

The amended complaint seeks a declaration that 1) the Any Willing Provider Act was not meant to apply to workers' compensation medical bills, 2) the Louisiana Workers' Compensation Law does not make discounts to medical bills before the workers' compensation fee schedule *per se* improper, 3) the PPO agreements entered into between the defendant healthcare providers and the various PPO organizations are valid and enforceable, 4) the discounts accessed by the Isle of Capri are proper under the Any Willing Provider Act, and no notice was required, because they constitute discounts taken pursuant to a direct contract between the healthcare provider and the PPO entity

---

[2] 977 So.2d 1128, 1135 (La.App. 3d Cir.) *writs denied*, 992 So.2d 953 (La.2008).

which the provider contracts, 5) the discounts accessed by the Isle of Capri do not violate the Louisiana Workers' Compensation Law, as the defendant healthcare providers agreed to accept lower, negotiated rates than those provided in the fee schedule, and 6) the Isle of Capri is not a "group purchaser" as defined in the Any Willing Provider Act.[3]

Thus, the Court concludes that we should not decline to adjudicate the instant suit because of the relief sought by the declaratory plaintiff, this court's jurisdiction over this diversity suit,[4] as well as the limited jurisdiction of the OWC. In light of the recent rulings of the above mentioned courts, the Court finds that the motion for reconsideration is well taken. Accordingly, it is

**ORDERED** that the motion for reconsideration is hereby **GRANTED** and the Judgment[5] rendered by the undersigned on November 3, 2008 is hereby **VACATED.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of February, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[3] First Supplemental and Amending Complaint for Declaratory Judgment, ¶ 7.

[4] See i.e., *Liberty Mutual Ins. Co. v. Dr. Clark Gunderson and Lake Charles Memorial Hospital*, Docket No. 08-30075 (5th Cir. 11/25/08).

[5] Doc. #83.